UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: YASMIN AND YAZ (DROSPIRENONE) MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) 3:09-md-02100-DRH-PMF<br><br>MDL No. 2100 |

This Document Relates to:

*Sandra Kane v. Bayer Corporation, et al.* 3:13-cv-10819-DRH-PMF

## ORDER

**HERNDON, District Judge:**

Presently before the Court is defendants' Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction filed in accord with Case Management Order Number 70 ("CMO 70") (MDL 210 Doc. 3634). In accord with CMO 70 the plaintiff was given 14 days to respond. Counsel for plaintiff has filed a motion to withdraw as counsel of record (Doc. 7). No response has been filed to the motion to dismiss.

Prior to considering the motion to withdraw, the Court must determine whether it has jurisdiction. It is evident that diversity jurisdiction is lacking; accordingly, defendants' motion must be granted. In the instant case, the plaintiff alleges that she is a citizen of New Jersey. Defendant Bayer Healthcare Pharmaceuticals Inc. is also a citizen of New Jersey. Accordingly, complete diversity is lacking and the action must be dismissed. *See Wisconsin Dep't of*

*Corr. v. Schacht*, 524 U.S. 381, 388 (1998) (Breyer, J.) (complete diversity exists "only if there is no plaintiff and no defendant who are citizens of the same state").

As the Court has no jurisdiction over this matter, the Court will not consider the motion to withdraw as counsel.

For the foregoing reasons, defendants' motion to dismiss for lack of subject matter jurisdiction is **GRANTED**. The matter is DISMISSED for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Signed this 27th day of March, 2015.

Digitally signed by David R. Herndon
Date: 2015.03.27 14:20:47 -05'00'

**United States District Court**